OPINION
This appeal is taken by Bruce Ingledue from the judgment entered by the Court of Common Pleas of Auglaize County finding him to be a Habitual Sex Offender and ordering him upon release from the institution, to begin a period of reporting to continue twenty (20) years.
On March 25, 1986, Bruce Ingledue was found guilty on eight (8) counts of Attempted Rape. The convictions resulted from the eight separate incidents of sexual intercourse with his twelve (12) year old stepdaughter. Ingledue was sentenced to eight (8) consecutive sentences of three (3) to fifteen (15) years in the Ohio Department of Rehabilitation and Corrections.
Pursuant to R.C. 2950.09 (C)(1), the Ohio Department of Rehabilitation and Corrections recommended that Ingledue be adjudicated a Sexual Predator. On February 25, 2000, the Court of Common Pleas of Auglaize County held a hearing to determine Ingledue's status as a "sexual predator". On March 23, 2000, the trial court found that Ingledue had not been proven a sexual predator by clear and convincing evidence but instead found Ingledue to be a "habitual sex offender" because he had been previously convicted of a sexually oriented offense, sexual battery. Having made such finding, the trial court ordered that Ingledue, upon his release from the institution, begin a period of reporting to continue for twenty years pursuant to Chapter 2950 of the Ohio Revised Code.
At his sexual predator hearing Ingledue argued "to impose the current law would be a violation of equal protection and would be a retroactive or an ex post facto law." The trial court found that argument to be without merit and overruled Ingledue's objections on the authority of State v. Cook (1998), 83 Ohio St.3d 404.
On appeal from that judgment Ingledue makes the following assignment of error:
 The trial court erred when it applied the obligation of registration as an habitual sex offender for a period of twenty years, thereby applying Revised Code Chapter 2950 on an individual basis that is an unconstitutional deprivation of the appellant's right to equal protection under [the Fourteenth Amendment] and applies a retroactive or an ex post facto law.
In his sole assignment of error Ingledue argues that by requiring Ingledue to register pursuant to R.C. Chapter 2950 the trial court erred in violation of his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and in violation of the Ex Post Facto clause to the United States Constitution.
In State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, theSupreme Court of Ohio addressed the issue of whether or not R.C.Chapter 2950 violates the Ex Post Facto Clause of theUnited States Constitution. In upholding the constitutionality of R.C.Chapter 2950, the Supreme Court found that the registration andnotification provisions set forth in R.C. § 2950.09(B)(1), asapplied to conduct occurring prior to the effective date of thestatute, do not violate the Ex Post Facto Clause of theUnited States Constitution. Id. at paragraphs one and two of thesyllabus. This Court has consistently followed this Supreme Courtprecedent., see, e.g., State v. Keiber (March 23, 2000), AuglaizeCounty App. No. 2-99-51, unreported; State v. Ihle (May 5,2000), Auglaize County App. No. 2-2000-05, unreported; State v.Secrest (March 30, 2000), Auglaize County App. No. 2-99-43,unreported; State v. Booth (April 18, 2000), Auglaize County App.No. 2-99-47, unreported. Therefore, we find Ingledue's initialargument that R.C. Chapter 2950 violates the Ex Post Facto Clauseof the United States Constitution to be without merit.
Ingledue also claims that R.C. Chapter 2950 violates his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution. This Court has previously held that R.C. Chapter 2950 does not violate the Fourteenth Amendment to the U.S. Constitution because the notification and registration provisions "treat all the offenders who are still imprisoned on January 1, 1997, the same. Furthermore, under the rational basis test, it bears a rational relationship to a legitimate governmental interest; that is, to protect the public from sex offenders." State v. Burlile, (March 10, 2000), Seneca County App. No. 13-99-53, unreported. Therefore, we find that Ingledue's second argument to be without merit.
Based on the foregoing authority, Ingledue's sole assignment oferror is overruled and the judgment of the Court of Common Pleasof Auglaize County is affirmed.
HADLEY, P.J., and SHAW, J., concur.